## ARMSTRONG, BYRD & CO. v. PHILLIPS.

No. 851.   Opinion Filed May 9, 1911.

RECORDS—Indian Territory Registration Law—Effect of Statehood.
Instruments executed in the Indian Territory prior to statehood, which were valid under the laws in force in that jurisdiction without registration, are valid after statehood, notwithstanding non-compliance with the registration laws extended over and put in force in the state by the Enabling Act and Schedule to the Constitution.

(Syllabus by the Court.)

*Error from Bryan County Court; Charles C. Parker, Special Judge.*

Action by Armstrong, Byrd & Company against Victor C. Phillips.   Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*T. B. Wilkins* and *C. H. Elting,* for plaintiff in error.
*Robert Crockett,* for defendant in error.

KANE, J.   This was an action in replevin, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, to recover possession of a piano.   The plaintiff claimed the right of possession by reason of the non-compliance of the defendant with certain conditions contained in the bill of sale and the notes executed to evidence the unpaid installments of the purchase price, to the effect that, until said piano is fully paid for, it shall remain the property and under the control of Armstrong, Byrd & Company, or assigns, and for default of payment, or if said Armstrong, Byrd & Company deem the instrument in unsafety, by removal or otherwise, it shall, on demand, be returned to Armstrong, Byrd & Company in good order.   These instruments were executed in the Indian Territory prior to statehood, and under the laws in force in that jurisdiction registration was not required.   The contention of the defendant was that, upon the admission of Oklahoma as a state, they immediately became subject to the registration laws in force in

the territory of Oklahoma, which by the terms of the Schedule to the Constitution and Enabling Act were extended over and put in force in the state, which laws required registration. The court below took that view of the law, and rendered judgment in favor of the defendant, to reverse which this proceeding in error was commenced.

The judgment of the court below must be reversed. The question involved here is identical in principle with the question decided in *Blanchard & Co. v. Ezell,* 25 Okla. 434. In that case the defendant, prior to statehood, became indebted to a copartnership engaged in the mercantile business at Purcell, Indian Territory. The indebtedness was incurred prior to statehood, and was evidenced by certain promissory notes. After statehood the firm brought suit on the notes, and as a defense the defendant set up noncompliance with section 3901, Wilson's Revised and Annotated Statutes of Oklahoma, 1903, which provides:

"Except as otherwise provided in the next section, every partnership transacting business in this territory under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or subdivision in which its principal place of business is situated, a certificate, stating the names in full of all the members of such partnership and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper published in an adjoining county."

It was contended that under the foregoing section, and section 3903, Wilson's Rev. & Ann. Stats. of Okla., 1903, which provides that persons doing business as partners, contrary to the provisions of this article, shall not maintain any action on or on account of any contracts made or transactions had in their partnership name in any court in this territory until they have first filed the certificate and made the publication herein required, the plaintiff was not entitled to recover. The court held that under section 1 of the Schedule to the Constitution, which provides that no existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all

shall continue as if no change in the forms of government had taken place, all rights became fixed as they existed prior to statehood, and were in no way affected by the change in the forms of government or the laws of Oklahoma Territory put in force in the state. The same rule must apply to the case at bar. As the instruments involved were valid when executed in the Indian Territory prior to statehood, they remained valid after statehood notwithstanding noncompliance with the registration laws of the state.

The judgment of the court below is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.