## HOSHAW v. LINES.

No. 1201.    Opinion Filed October 3, 1911.

(118 Pac. 583.)

1.    **EVIDENCE—Foreign Statutes—Presumption.** In a suit in the courts of this state upon a contract made in another state, where the laws of such state have not been pleaded and proven, it will be presumed that the laws of such state are the same as the laws of this state.

2.    **SALES—Conditional Sale—Failure to Record Contract.** A contract of conditional sale, wherein title to the property sold is retained in the seller, executed prior to statehood in Indian Territory, and sought to be enforced in the courts of this state, being valid and enforceable under the laws in force in Indian Territory without filing or recording, is valid and enforceable in this state without registration, notwithstanding the putting in force of the registration laws of the territory of Oklahoma by section 2 of the Schedule to the Constitution.

(Syllabus by Brewer, C.)

*Error from District Court, Tulsa County; L. M. Poe, Judge.*

Action by L. E. Lines against Jake Hoshaw. Judgment for plaintiff, and defendant brings error. Affirmed.

*E. Robitaille,* for plaintiff in error.

*H. B. Talley,* for defendant in error.

Opinion by BREWER, C. On February 9, 1906, the defendant in error, L. E. Lines, plaintiff below, delivered to Mose and Nancy Jefferson a piano under a conditional contract of sale, by the terms of which the title to the instrument remained in the seller. The contract was dated at Tulsa, Ind. T., and recited that the Jeffersons, to whom the instrument was sold, resided at Broken Arrow, Ind. T.; that the seller resided at Springfield, Mo.; and that payments to be made under the contract were to be made at his office in Springfield, Mo. The Jeffersons, to whom the piano was conditionally sold, did not make the payments required by the contract, and during the summer of 1907

mortgaged the piano to the plaintiff in error, defendant below, Jake Hoshaw, and later on November 12, 1907, sold and delivered it to him. This suit was brought to recover possession of the piano or its value after statehood in the district court of Tulsa county. The cause was tried to the court, a jury being waived, and it found all the issues in favor of the defendant in error, from which judgment and finding this appeal is brought.

The plaintiff in error insists in his brief that his demurrer to the petition in the trial court should have been sustained for the reason that: (1) The contract sued on shows upon its face that it was a Missouri contract, and that the petition not showing that the contract sued on had ever been recorded, as, he alleges in his brief, would have been necessary under the Missouri law, it failed to state a cause of action. (2) That the contract between defendant in error and the Jeffersons was not valid as against the plaintiff in error, because it had not been filed or recorded upon the date he took a mortgage upon the property, and on the date when he finally bought the property from the Jeffersons, or at the time suit was brought. The above states substantially the contentions of plaintiff in error in the case.

With regard to the first contention, it is sufficient to say that regardless of whether or not the contract was a Missouri contract, which point it is not material to decide, the laws of that state have not been specially pleaded or proven in this action, and, in the absence of such special plea, the court had the right to assume that, even if the contract was a Missouri contract, the laws of that state were the same as those of the forum controlling the trial, and under which the rights of the parties were to be determined. *Greenville Nat. Bank v. Evans-Snyder-Buell Co.,* 9 Okla. 353, 60 Pac. 249.

Therefore the question narrows down to this, What is the law by which this contract must be measured, and the rights of the parties under it determined? Whether under the laws in force in the Indian Territory at the time of its execution and at the time plaintiff in error claims to have bought the subject-matter of the suit, or by the laws of Oklahoma Territory gen-

erally in force in the state under the provisions of the Schedule to the Constitution and the Enabling Act at the time the suit was brought. In the case of *W. G. Blanchard & Co. v. Ezell,* 25 Okla. 434, 106 Pac. 960, which involved the right of an Indian Territory copartnership to collect a debt made prior to statehood in a suit therefor after statehood, without having complied with the Oklahoma laws, as put in force by the Schedule to the Constitution, relative to copartnerships, Chief Justice Kane, speaking for the court, says:

"Section 1 of the Schedule provides that 'no existing rights, action, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place.' The purpose of this section of the Schedule is to preserve all rights already accrued and either in action or capable of being enforced by the ordinary remedies provided for this purpose, as effectively as if the Constitution had not been adopted. The language is broad enough to include all rights and claims whatever their nature. No distinction is made between statutory rights and those existing at the common law, nor between those arising out of torts and those founded upon contracts. As the firm under the laws of the Indian Territory prior to statehood had a right to recover on its promissory note either in the courts of the Indian Territory or Oklahoma Territory, this right continued after statehood and was not affected by the foreging sections of the Oklahoma statutes."

Under the laws in force in the Indian Territory at the time of the execution of the contract in this case, and at the time the plaintiff in error bought and took possession of the piano, a contract of conditional sale wherein the title to the property was retained in the seller was valid and enforceable, without filing or recording the same under the recording acts. This has been held often by the Supreme Court of Arkansas and the courts of Indian Territory, and has been specifically held by this court in the case of *Armstrong Byrd & Co. v. Phillips,* 28 Okla. 808, 115 Pac. 870, which was an action identical with the one at bar, wherein an Indian Territory contract for the sale of a piano, in which the title was retained in the seller, was sought to be en-

forced without registration in this state after statehood. The court says:

"These instruments were executed in the Indian Territory prior to statehood, and under the laws in force in that jurisdiction registration was not required. The contention of the defendant was that upon the admission of Oklahoma as a state they immediately became subject to the registration laws in force in the territory of Oklahoma, which by the terms of the Schedule to the Constitution and Enabling Act were extended over and put in force in the state, which laws required registration. The court below took that view of the law and rendered judgment in favor of the defendant," etc. .

The court then quotes from the Blanchard case, *supra,* and reverses the judgment of the court below in that case. The contention of the plaintiff in error in this case is identical with the position taken in the last-cited case, and the judgment of the court in that case is decisive of the one at bar.

The judgment of the trial court must be affirmed.

By the Court: It is so ordered.

All the Justices concur.