### HARRIS v. MILLIGAN.

No. 8451—Opinion Filed Feb. 12, 1918.

Rehearing Denied April 9, 1918.

(171 Pac. 850.)

(Syllabus.)

1. Judgment — Res Judicata — Subject-Matter.

A final judgment in an action for the replevin of cotton is not res adjudicata of an action for the damages sustained by the defendant as a result of the malicious and unwarranted institution and prosecution of the replevin suit.

2. Same.

In order to constitute a good plea of res adjudicata, the subject-matter of the actions must be the same.

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Action by W. H. Milligan against W. W. Harris. Judgment for plaintiff, and defendant brings error. Affirmed.

Baldwin & Carlton, for plaintiff in error.

Park Wyatt, for defendant in error.

OWEN, J. This action was begun by the defendant in error in the district court of Pottawatomie county, to recover damages alleged to have been sustained by reason of the institution and prosecution of a replevin suit. The petition alleges, in substance, that Harris instituted an action in replevin against Milligan to recover possession of four bales of cotton. This action was begun in the justice of peace court, there decided in Milligan's favor, appealed to the superior court by Harris, and the appeal dismissed for want of prosecution. The petition also alleges that Harris was inspired and actuated by malice and ill will in the institution and prosecution of the replevin suit, and that Milligan was subjected to annoyance, trouble, inconvenience, and expense of defending the replevin suit, to his actual damage of $35. The prayer was for this actual damage and exemplary damages. To this petition Harris pleaded a general denial and also a special defense of res adjudicata in the replevin action. To this special defense the court sustained a demurrer. Judgment was for Milligan, and Harris prosecutes this proceeding to reverse the judgment.

The only question presented by counsel in the brief is whether the judgment rendered in the replevin action was res adjudicata of the damages alleged to have been sustained by reason of the malicious institution and prosecution of the replevin suit. The assignment of error argued by counsel is the action of the court in denying the plaintiff in error the benefit of this plea. Counsel relies on the rule announced in Norton v. Kelley, 57 Okla. 222, 156 Pac. 1164, where it was said:

"A former judgment of a court of competent jurisdiction in a case between the same parties, involving the same subject-matter, is final and conclusive, not only as to all matters litigated in the former case, but as to every matter which might have been pleaded or given in evidence, whether the same was pleaded or not."

That rule is well settled by the decision of this court, but has no application here, for the reason the subject-matter of the replevin suit was the four bales of cotton. The subject-matter of the instant case is the institution and prosecution of the replevin action. The rule announced applies only where cases involve the same subject-matter or thing sued for. Ratcliff-Sanders Gro. Co. v. Blue Jacket Mer. Co., 63 Okla. 298, 164 Pac. 1142. It has been held repeatedly that final judgment in an action involving title or possession to real estate is res adjudicata of a subsequent action involving the title or possession, although the subsequent action may be based on different reasons from those appearing in the first action, the subject-matter being the same.

The final determination of the replevin action in Milligan's favor gave him the right to proceed against Harris for such damage as he had sustained by reason of the malicious and unwarranted institution and prosecution of the action, and his damage so sustained was not within the issues of the replevin action, and not properly a matter to be adjudicated in that action. This is not in conflict with the case of Ray v. Navarre, 47 Okla. 438, 147 Pac. 1019. relied upon by counsel, where it was held the plaintiff might recover exemplary damages in the replevin action where the damages were sustained as a result of the taking of the property, attended with circumstances of aggravation amounting to force and threats of violence. The damages there were within the issues for the reason they grew out of unlawful taking of the property. In the instant case the damages were not occasioned by the taking or retention of the property, but were sustained, as the jury found. as the result of the malicious and unwarranted institution and prosecution of the action which resulted in Milligan's favor.

The judgment of the lower court is affirmed.

All the Justices concur.