**TAGUE v. GUARANTY STATE BANK OF DRUMRIGHT et al.**

No. 10174—Opinion Filed June 7, 1921.

Rehearing Denied July 5, 1921.

(Syllabus.)

**1. Sales—Conditional Sales—What Constitutes— Reservation of Title.**

An owner delivered to an oil and gas company casing and pipe under a contract of sale, and a portion of the consideration being paid therefor and deferred payments being evidenced by note or notes, and it being agreed that the title was to remain in the vendor until the consideration was paid in full; there being no evidence showing the contract to be in the nature of a bailment, rental, or lease, or a mere contract to sell. Held, that same constitutes a conditional sale and title vests in the vendee at time of transaction; such title, however, is subject to revestment in the vendor upon failure to pay purchase money, and the property is subject to being repossessed by the vendor upon failure to pay; and it is not a sale upon condition, nor is it an executory contract of sale, where title is reserved in the vendor, and is to vest in the vendee only upon the happening of a condition provided in contract of sale. (Garrison v Latham, 23 Okla. 599, 103 Pac. 609.)

**2. Same—Validity of Contract—Necessity for Recordation.**

All conditional contracts of sale of personal property, if verbal, are void as to creditors of the vendee or innocent purchasers; or, if in writing, are void as to creditors of the vendee or innocent purchasers for value if not placed of record in compliance with section 6745, of the Revised Laws of Oklahoma, 1910.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by E. J. Cowles against the Logan Oil & Gas Company to enforce labor lien; interpleas by the Guaranty State Bank of Drumright and Chas. L. Tague. Judgment for the bank, and Tague brings error. Affirmed.

McKeever & Moore, for plaintiff in error.

George B. Rittenhouse and F. A. Rittenhouse, for defendants in error.

ELTING, J. This suit was originally begun in the district court of Garfield county, state of Oklahoma, by E. J. Cowles, plaintiff, against the Logan Oil & Gas Company, a corporation, defendant.

Cowles' suit was for the enforcement of a labor lien against the defendant, and afterwards the Guaranty State Bank of Drumright filed an interplea in said cause, seeking to foreclose a chattel mortgage on 200 feet of 15¼-inch pipe and 1000 feet of 10-inch pipe, of the value of $3,713, given the bank by the Logan Oil & Gas Company. The bank appears with the Logan Oil & Gas Company, a corporation, and E. J. Cowles in this appeal as defendants in error.

Afterwards Chas. L. Tague filed an interplea in the same suit, setting up a claim to the same property asked for by the first interpleader under a claim of being the owner and entitled to the possession of the same: he having turned the same over to the Logan Oil & Gas Company under a sale to them in writing, which he attached to his inter-

plea as Exhibit "A"; setting out the sale of certain pipe to the said Logan Oil & Gas Company for the sum of $8,000; the said company having executed, by S. D. Logan, notes to the said Tague covering the said consideration of $8,000, less $500 paid in cash at the time of the sale; alleging the notes were delivered to Tague and the bill of sale delivered to the Logan Oil & Gas Company, and that the pipe was delivered to the said Logan Oil & Gas Company by the said Tague; and alleging, further, that the title to said pipe was to remain in the interpleader, Chas. L. Tague, until the full purchase price, evidenced by said notes, was paid to the said Chas. L. Tague. Also alleged the interests of the other interpleader, the Guaranty State Bank of Drumright. Also alleged that the said Guaranty State Bank of Drumright had actual notice of the contract between the said interpleader, Tague, and the Logan Oil & Gas Company.

The said Chas. L. Tague, interpleader, afterwards filed an amended interplea, in which he sought to plead an oral contract as having been entered into by and between C. L. Tague and S. D. Logan, for the Logan Oil & Gas Company, whereby it was agreed that the title to the pipe should not pass to the said Logan Oil & Gas Company, until the purchase price was fully paid; contending that Tague let the oil company have the property under a bailment, and that the contract was not a contract of sale, but merely an executory contract of sale, and that the notes and the bill of sale were turned to John H. Perry, cashier of the First National Bank of Drumright, to hold in escrow, and when the Logan Oil & Gas Company paid the notes to John H. Perry, then he was to deliver the bill of sale to the Oil & Gas Company; and setting out the other allegations as set out in the first interplea.

To these interpleas the Guaranty State Bank of Drumright filed answers, denying the allegations of the interplea, and the issue thus joined between the two interpleaders was tried before the Hon. James B. Cullison, sitting as presiding judge, a jury having been waived. On the 5th day of March, 1918, the court rendered judgment in favor of the Guaranty State Bank, decreeing that the said bank had a valid and subsisting lien on the property covered by its mortgage and foreclosing the same, and decreeing that Chas L. Tague take nothing in said cause.

Tague has appealed the case to this court, and will be hereafter designated as plaintiff in error, and the Guaranty State Bank of Drumright will hereinafter be designated as the defendant in error, as the issue is between these two parties.

The question involved in this case is set out as declared by the plaintiff in error in his brief, on page 36:

"As has already been stated, the pivotal question in the case is whether the transaction alleged by the plaintiff in error and which is not disputed by the evidence, amounts to a conditional sale or a sale on condition. The court held the transaction to be a conditional sale as distinguished from a sale on a condition or an executory agreement for sale and in this committed, as we contend, his fundamental error. The transaction was not a sale, but a bailment with an option to buy, that is, a sale on a condition or an exeutory agreement to sell, in none of which the title would pass until the conditions under which it was to pass should have been met."

The defendant in error agrees, in its brief, that the pivotal question in the case is whether the transaction between the plaintiff in error and the Logan Oil & Gas Company relative to the sale and delivery of the pipe was a conditional sale or was a sale upon condition and in the nature of a bailment.

The distinction between these two kinds of contracts as to the sale of personal property is a very narrow one. It appears, however, that under the laws of this state the distinction is recognized. The following Oklahoma cases discuss this distinction: Garrison v. Latham, 23 Okla. 599, 103 Pac. 609; Carpenter v. Mead, 60 Okla. 127, 153 Pac. 658; Brooks v. Tyner et al., 38 Okla. 271, 132 Pac. 683; Oklahoma Moline Plow Co. v. Smith, 41 Okla. 498, 139 Pac. 285; U. S. Supply Co. v. Andrews, 71 Oklahoma, 176 Pac. 967.

The distinction between a conditional sale and a sale upon condition, or an executory contract of sale, is that in the conditional sale the title to the property and the right to possession passes to the vendee at the time of the transaction. Even though it may specify that the title is reserved in the vendor, and is upon condition that the title does not pass until the agreed purchase price is paid, the same constitutes a conditional sale; and in the event that the purchase money is not paid, as between the vendor and vendee, the vendor can reclaim the property and title will revest in the vendor; and in its nature it is what is sometimes in the law of real property called a fee conditional, and the condition not being complied with, title revests in the seller.

In an executory contract of sale, or a sale upon a condition, the title does not vest at the time of the transaction, but only vests upon the happening of a future condition, and the vendee. in that case, does not hold the title of the property, but if in possession, his holding is similar to a bailment, lease. or rental.

Such last described contracts do not have to be placed of record in compliance with section 6745, Rev. Laws 1910, and hereinafter quoted, in order to protect the vendor.

We think we are safe in saying in all cases of sale of personal property, where the property is delivered to the vendee and the purchase price is agreed upon and part of the purchase price paid or none of the price paid, but to be paid in the future, which contract of payment may be evidenced by note or may rest in parol and it being agreed that the title to the property does not pass until the full purchase price is paid, that such transaction constitutes a conditional sale. In all such contracts the title passes to the vendee at the time of the transaction and delivery of the property to vendee, but in case of default in the payment title revests in the vendor, he being entitled to repossess the property, and as against innocent purchasers and creditors of the vendee such a contract must be placed of record in compliance with section 6745, Rev. Laws 1910. See Garrison v. Latham, 23 Okla. 599, 103 Pac. 609.

We have examined the record in this case, and there is nothing in the evidence to show that the transaction between the plaintiff in error herein and the Oil & Gas Company was anything but a conditional sale. The allegation as to the nature of said transaction, as set forth in the first interplea by the plaintiff in error, is as follows (paragraph 3 of the first interplea of the plaintiff in error):

"Interpleader further states that under the terms and by the conditions of said contract it is agreed that the title of said property was to be and remain in said Chas. L. Tague, this interpleader, until the full price for which said notes were executed and delivered were paid and discharged."

The contract attached to said first interplea, and marked "Exhibit A," sets out the following:

"That the title to the within described property is to be and remain in the undersigned until the full purchase price for which notes are executed and delivered are paid and discharged in full belonging to him and now in his possession at the place last aforesaid."

The plaintiff in error in his second amended interplea, and in the 6th paragraph thereof, sets out in substance the same allegations as in the first interplea relative to the reservation of title. The evidence of Tague and the evidence of John H. Perry, who was present and wrote the contract as it was originally drawn, only testified to a contract amounting to a conditional sale, the same as alleged in the interpleas. There is nothing about a bailment testified to in the record nor shown in the pleadings. No such a state of facts is shown in the record as constitutes a sale upon condition or an executory contract of sale, nor as would constitute the arrangement between the plaintiff in error and the Logan Oil & Gas Company a bailment, lease, or rental. This only appears in the discussion by the attorneys, and to repeat, there is nothing in the pleadings, and, what is more important, in the evidence, sustaining the contention that it was a sale upon condition.

The interplea of the defendant in error shows that the Logan Oil & Gas Company, by S. B. Logan, executed a chattel mortgage to the Guaranty State Bank of Drumright on the property in controversy herein, to secure an indebtedness of $4,800. The same was duly witnessed and was filed in the office of the county clerk of Garfield county, Oklahoma, on the 28th day of May, 1917. Said chattel mortgage was executed on the 10th day of May, 1917. The record discloses that sometime after the execution of this mortgage, and filing of the same, the plaintiff in error secured from Perry, the cashier of the First National Bank of Drumright, the contract of sale that the plaintiff in error had executed to the Logan Oil & Gas Company, and went before a notary public and acknowledged the same and had the same filed of record. It appears to have been filed July 12, 1917, in Creek county, and after the mortgage to defendant in error was executed and filed. The record further shows that John W. Perry, at the request of the attorney for the plaintiff in error, inserted in the contract the clause providing for the reservation of title, and that this was done by Perry about the time that plaintiff in error procured the contract from Perry and acknowledged and filed the same.

Section 6745, Rev. Laws Okla. 1910, reads as follows:

"Conditional Sale Must be Recorded. Any instrument in writing, or promissory note, evidencing the conditional sale of personal property, which retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers or the creditors of the vendee, unless the original instrument, or a true copy thereof, shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept; and when so deposited it shall be subject to the law applicable to the filing of chattel mortgages; and any conditional verbal sale of personal property, reserving to the vendor any title in the property sold, shall be void as to creditors and innocent purchasers for value."

This provision defines the nature of the contract that it is necessary to place of rec-

ord, and describes such contract to be one where payment of the purchase money is deferred and title is retained in the vendor until the purchase price is paid in full. The contract so defined in said provision is identical with the contract in the instant case and as is shown by the pleadings and proofs. Hence, this recordation act is held to apply to the kind of a contract that is set out in the instant case.

If, however, the contract is held to be one where, in contemplation of law, the title does not pass from the vendor and vest in the vendee, but the nature of the vendee's right is that of a bailment, lease, or rental, and title not passing until the happening of the condition upon which the vesting of the title depends, to all such contracts this recordation provision does not apply.

In such states as have not passed what is called the "Secret Lien Law", such as the above quoted provision is called, it is not necessary even to record the conditional sale contracts. Such was the situation in the Indian Territory, where, before statehood, the laws of Arkansas were in force, and the placing of conditional sale contracts of record was not required under the Arkansas law, and conditional sale contracts entered into prior to statehood were not required to be placed of record after the advent of statehood, since all rights arising under pre-statehood contracts were preserved by section 1 of the Schedule of the State Constitution. See Armstrong, Byrd & Co. v. Phillips, 28 Okla. 808, 115 Pac. 870; Blanchard & Co. v. Ezell, 25 Okla. 434, 106 Pac. 960.

We have held that, under the evidence in this record, the contract between the plaintiff in error and the Logan Oil & Gas Company was a conditional sale; that the contract reserving title in seller, to be valid as against an innocent purchaser, must be of record; otherwise, the rights of such innocent purchaser vest. It was charged in the pleadings of the plaintiff in error that the defendant in error, the Guaranty State Bank of Drumright, had actual notice of the rights of the plaintiff in error under his contract with the Logan Oil & Gas Company, but we find no proofs sustaining such contention in the record.

We have cited and investigated all of the Oklahoma cases bearing upon the nature of this contract and its interpretation cited by either party, and we do not find any holdings therein inconsistent with the holding of this court in this opinion; but in fact they support the law as we have laid it down herein.

The holding of this court is, therefore, that the trial court committed no error in finding the issues in favor of the Guaranty State Bank of Drumright, defendant in error, and against Chas. L. Tague, plaintiff in error, and the judgment of the trial court is, therefore, affirmed.

HARRISON, C. J., and PITCHFORD, JOHNSON, MILLER, KENNAMER, and NICHOLSON, JJ., concur.