## SHIPMAN v. ADAMSON.

No. 14156—Opinion Filed July 10, 1923.

Rehearing Denied Dec. 11, 1923.

(Syllabus.)

1. **Replevin—Judgment—Value of Property—How Determined.**

In a replevin action, where the judgment is for the return of property or its value, the value of such property should be fixed as of the time and place where and when the property was taken.

2. **Same—Insufficiency of Evidence.**

Evidence examined, and held insufficient to support the verdict of $500 as the value of the property in replevin.

3. **Same—Right to Exemplary Damages.**

Exemplary damages cannot be recovered by defendant in a replevin action for the wrongful and malicious taking of property under a replevin writ, and damages sustained by reason of the malicious and unwarranted institution and prosecution of the action and the malicious and unwarranted taking of the property under the writ are not within the issues in the replevin action and are not properly adjudicated in such action.

Error from District Court, Oklahoma County: Geo. W. Clark, Judge.

Action by Frank Shipman against Harry Adamson in replevin. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

Ames, Lowe & Richardson, for plaintiff in error.

Twyford & Smith, for defendant in error.

COCHRAN, J. Plaintiff in error, as plaintiff below, filed a petition for the possession of certain described hogs which it was alleged were wrongfully withheld by the defendant in error, who was defendant below. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court. A writ of replevin was issued and possession of the property taken thereunder. A redelivery bond not having been given, the property was delivered to plaintiff. The defendant filed his answer, in which he alleged that he was the owner of an undivided one-half interest in said property and that plaintiff had wrongfully and maliciously taken possession of the property under the writ of replevin and had since the taking thereof

wrongfully and maliciously withheld possession of said property from the defendant to his special damage in the sum of $1,000. The case was tried to a jury and judgment rendered for return of the property to the defendant, or, in lieu thereof, that the defendant recover its value in the sum of $500, and also returned a verdict for $1,000 exemplary damages, judgment was rendered thereon, and from this judgment plaintiff has appealed.

The plaintiff insists that the evidence is insufficient to sustain the verdict and judgment of $500 returned by the jury as the value of the property. In this connection counsel for the defendant have summarized the most favorable evidence in the record as to the value of this property, and the total value thereof amounts to $909. Defendant was entitled to one-half of this amount. It is insisted that the defendant was entitled to interest at 6 % from March 6, 1922, to October 6, 1922, and that this was evidently figured by the jury in arriving at its verdict of $500. If the interest is figured, the total amount recoverable would have been $467.37. It thus appears that, taking the evidence which counsel for the defendant contends supports the verdict and giving the most favorable construction possible to some rather indefinite testimony, the judgment is not supported by the evidence.

Defendant contends that, if the hogs had not been taken from him, they would have been worth considerably more in the fall and he was prepared to raise, fatten, and market them, and the jury was entitled to take that fact into consideration in determining the value. The value of the property is to be determined at the time and place when and where it was taken, and the testimony as to the possible value of the hogs at some later date was not competent to fix the amount of recovery for the value of the hogs in the event return thereof could not be had. Wills v. Fuller, 47 Okla. 720, 150 Pac. 693; Gross v. Lincoln, 81 Okla. 87, 196 Pac. 960.

It is next urged that the judgment for exemplary damages is erroneous because exemplary damages cannot be awarded a defendant in a replevin action on account of the alleged wrongful and malicious taking of the property by the plaintiff under a writ of replevin. In Brizee & Torrence v. Maybee, 21 Wend. (N. Y.) 144, the court said:

"Where the writ of replevin has obviously been perverted to the purpose of a willful injury, with a full consciousness in the plaintiff that he has no claim, the jury may, perhaps, assess smart money, as they might for a willful and malicious trespass.

That would certainly be going far enough. It supposes a right to recover damages as for a malicious prosecution; and to go even thus far would be dangerous, unless a malicious replevin be considered as an exception to the rule which allows an independent action for a vexatious suit."

In McCabe v. Morehead (Pa.) 1 W. & S. 515, the court said:

"Where a writ of replevin is sued out fraudulently, and without color of right, the jury would be warranted in giving even exemplary damages, in the same manner as they might do for a wanton or malicious trespass"

—and the court in the last case relies upon Brizee & Torrence v. Maybee, supra, as supporting the rule announced.

The defendant relies upon section 335, Comp. Stat. 1921, which in part provides:

"Judgment for the defendant may be for a return of the property or for the value thereof in case a return cannot be had, and damages for taking and withholding the same"

—and the case of Ray v. Navarre, 47 Okla. 438, 147 Pac. 1019, in which it was held that a plaintiff in a replevin action might recover exemplary damages for a wrongful withholding of the property where the defendant had been guilty of oppression, fraud, or malice. As stated in Brizee & Torrence v. Maybee, supra, in order to permit exemplary damages for the taking of property under a writ of replevin, it must be allowed on the theory that the recovery is as for a malicious prosecution, and that to permit a recovery thereof in a replevin action would be dangerous unless a malicious replevin be considered an exception to the rule allowing an independent action for malicious prosecution.

This court has determined that a malicious replevin is not an exception to the rule allowing an independent action for malicious prosecution and has held that a separate independent action may be brought therefor. In Harris v. Milligan, 68 Okla. 99, 171 Pac. 850, a replevin action was brought for the possession of certain cotton, which was taken from defendant under a replevin writ. No claim for damages for the malicious institution and prosecution of replevin suit was made in the replevin action; but, after judgment for the defendant in the replevin action, he instituted suit to recover damages for malicious institution and prosecution of replevin suit, and in holding that such action may be maintained, this court said:

"The final determination of the replevin action in Milligan's favor gave him the right

to proceed against Harris for such damage as he had sustained by reason of the malicious and unwarranted institution and prosecution of the action, and his damage so sustained was not within the issues of the replevin action, and not properly a matter to be adjudicated in that action. This is not in conflict with the case of Ray v. Navarre, 47 Okla. 438, 147 Pac. 1019 relied upon by counsel, where it was held that plaintiff might recover exemplary damages in the replevin action, where the damages were sustained as a result of the taking of the property, attended with circumstances of aggravation amounting to force and threats of violence. The damages there were within the issues for the reason they grew out of unlawful taking of the property. In the instant case the damages were not occasioned by the taking or retention of the property, but were sustained, as the jury found, as the result of the malicious and unwarranted institution and prosecution of the action which resulted in Milligan's favor."

So in the instant case, the damages for the taking of the property under the writ of replevin were not within the issues in the replevin action, and could not be adjudicated therein. The property was taken under the protection of the writ of replevin; which covered the property which was taken, and any damages against the plaintiff for the malicious issuing of the writ of replevin and the taking of the property thereunder would be a proper subject for suit in an independent action for malicious institution and prosecution of the suit.

The judgment of the trial court is therefore reversed, and the cause remanded, with direction to grant a new trial, and that further proceedings be had in accordance with the views herein expressed.

JOHNSON, C. J., and KENNAMER, BRANSON, and MASON, JJ., concur.

### On Rehearing.

BRANSON, J. The original opinion in this cause was filed July 10, 1923, which reversed the judgment of the trial court. In the second paragraph of the syllabus it was said: "Evidence examined, and held insufficient to support the verdict of $500 as the value of the property in replevin." In the body of the opinion it is recited: "If the interest is figured, the total amount recoverable would have been $467 37." The defendant in error has filed petition for rehearing and therein incorporated a motion for leave to remit. This petition was filed under the rules, and on November 6, 1923, a response thereto was requested of the plaintiff in error; no response has been filed within the time allowed, and on examination of the original opinion ad the record, the court is of the opion that the petition for rehearing should be denied, but that if the defendant in error files a remittitur within ten days from receipt of the mandate, so as to reduce the amount of the recovery at the time of rendition of judgment to $467.37, the judgment for such amount should be, and is hereby, affirmed; otherwise the original opinion is adhered to in toto.

All the Justices concur.