## WESTERN ROPE & MFG. CO. v. OVERLAND PETROLEUM CO.

No. 12593—Opinion Filed Feb. 19, 1924.

1. **Sales—Purchase Order—Sale Upon Condition Precedent—Bailment.**

A purchase order for a gas engine, providing that if same was not satisfactory after 60 days trial it should be removed at expense of seller, was an executory contract, or sale upon condition precedent and in the nature of a bailment.

2. **Bailment—Burden of Proof Where Bailment Destroyed by Fire.**

Vendee within said period notified vendor that such engine was not satisfactory, and to remove same. While thus in possession of vendee, fire destroyed such engine. Vendor sought to recover purchase price of engine on the ground that such fire destroying same was caused by the negligence of vendee. Held, vendor did not make prima facie case because of failure to show vendee refused to return such engine. Held, further, that on such failure to make prima facie case, there was no burden of proof on vendee to show that such fire was not due to its negligence.

3. **Appeal and Error—Disposition of Case.**

Errors assigned are not sustained by brief of plaintiff in error, although defendant in error filed no brief.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; A. C. Brewster, Judge.

Action by Western Rope & Manufacturing Company against Overland Petroleum Company. On directed verdict, judgment was for defendant. Plaintiff appeals. Affirmed.

Phillip Cates and Linn & Riddle, for plaintiff in error.

O'Meara, Bush & Moss, for defendant in error.

Opinion by ESTES, C. Parties appear here in the same order as in the trial court. Defendant has not favored the court with any brief. It has been necessary to make some reference to the record, however, in order to determine whether plaintiff's brief reasonably sustains the assignments of error. Plaintiff sued defendant for the purchase price of a certain gas engine and repairs therefor. Defendant answered that such engine was sold on 60 days' trial and failed to do the work; that it so notified plaintiff several times within

the 60-day period, and asked plaintiff to remove the engine. Defendant also claimed damages back against plaintiff, but later dismissed such application for affirmative relief. Plaintiff replied, denying the allegations of such answer, and further alleged that said engine was destroyed by fire caused by the negligence of defendant and while in its possession after the 60 day trial period. On instructed verdict, judgment was for defendant. Plaintiff appeals. The main assignment of error is that the court held that the burden of proof was upon plaintiff to show that the engine was destroyed through the negligence of defendant. Plaintiff contends that since said engine was in the possession of defendant, at the time same was destroyed by fire, the manner of such fire was peculiarly within the knowledge of defendant, and that therefore the burden was on defendant to show that such fire was not due to defendant's negligence.

The purchase order for the engine provided: "If not satisfactory after 60 days' trial to be taken off the block at our expence." Thus it is seen that the sale herein was on trial or approval and in the nature of an option to purchase the engine if it proved to be satisfactory. It was a sale on condition precedent. Where goods are thus sold on trial or approval, if satisfactory to the buyer, the contract is executory and the property in the goods does not pass until the buyer has expressly or impliedly manifested his approval or acceptance, unless a different intention appears. 35 Cyc. 289. The purchase order herein does not evidence a conditional sale, but a sale upon condition, and is in the nature of a bailment. Tague v. Guaranty State Bank of Drumright et al., 82 Okla. 197, 202 Pac. 510, recognizes this distinction and cites a number of cases discussing same. The court properly found that there was no sale of said engine to the defendant. After such notification, defendant occupied the status of gratuitous bailee.

To make a prima facie case on the theory that the engine was destroyed by fire caused by the negligence of defendant, it was incumbent upon plaintiff to show it was the bailor, that it was entitled to the return of the engine, and that defendant refused to make such return. Stone v. Case, 34 Okla. 9, 124 Pac. 960. Plaintiff did not sustain such burden because it did not show that the defendant refused to return the engine. On the contrary, all the evidence shows that it was the duty of plaintiff to remove said engine from the block within said 60 days, that defendant sought to have same removed, that plain-

tiff failed and refused to remove same, and that same was destroyed by fire within said 60 days. Said Stone Case holds that in an action against a bailee for loss of property, where it is alleged that loss was occasioned by fire, and that such fire was caused by the negligence of bailee, it is error to instruct the jury that the burden is upon defendant to prove that he was not negligent. For further discussion as to the burden of proof in such cases, see Standard Marine Ins. Co., Limited, of Liverpool v. Traders Compress Co., 46 Okla. 356, 148 Pac. 1019.

Plaintiff also contends that the court erred in refusing to allow plaintiff to introduce evidence tending to show an admission of negligence on the part of defendant. The evidence referred to was that of the manager of the lease of defendant on which said wells were being operated. Defendants objected that any statement of such manager, with reference to the fire which destroyed the engine, was incompetent to bind the defendant. The effect of this evidence was destroyed by failure of plaintiff to identify such manager as the one making the statement. There was no error in this behalf.

It seems, therefore, that the brief of plaintiff does not sustain the errors assigned. The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.