David TAYLOR, dba Dixie Supply Company, Plaintiff in Error,

v.

GRAVER TANK & MANUFACTURING COMPANY, Inc., Defendant in Error.

No. 38225.

Supreme Court of Oklahoma.

May 19, 1959.

Rehearing Denied Oct. 13, 1959.

Homer Cowan, Norman, for plaintiff in error.

Burt, Seigel & Franklin, by William E. Franklin, H. Gene Seigel, Tulsa, for defendant in error.

PER CURIAM.

The defendant in error, Graver Tank & Manufacturing Company, hereafter referred to as "plaintiff", instituted this action to replevin oil-field equipment and supplies that plaintiff in error, David Taylor, dba Dixie Supply Company, hereafter referred to as "defendant", acquired from it for use upon oil and gas leases that defendant operated in Pottawatomie County,

Oklahoma, which leases were known respectively as "Pruitt Lease" and "Cherry Lease." The total agreed consideration for the property was $5,478.21.

Plaintiff took the usual and necessary steps to gain possession of the supplies and equipment in controversy by filing an affidavit in replevin and a replevin bond whereupon defendant executed a redelivery bond and retained possession of same.

The plaintiff contends that defendant acquired the equipment and supplies under a conditional sales contract in writing and under oral agreements to the effect that defendant would be privileged to use, for an agreed rental, certain supplies and equipment during the period that a test well upon the Cherry Lease was being tested, but if the well proved productive, the defendant would purchase the equipment and supplies under the same terms and conditions that were set forth in the conditional sales contracts; that if defendant were to purchase the equipment and supplies that he so rented, he would be given credit for rentals paid or which had accrued on the purchase price of same. Defendant kept all of the equipment and supplies and paid no part of the agreed purchase price.

The conditional sales contracts in controversy read in part as follows:

"The title to the property herein described shall remain in Graver Tank & Mfg. Co., Inc., until the property is fully paid for by the purchaser. Said property shall be treated as personal property whether or not it is attached to the realty. This order shall become a contract when signed by the purchaser and accepted by an officer of Graver Tank & Mfg. Co., Inc. Graver Tank & Mfg. Co., Inc., shall not be responsible for delays beyond its control. No agreements pertaining to this order exist unless embodied herein."

One of the conditional sales contracts was signed by defendant and the other by E. A. (Red) Connelly, who was employed by defendant as "Superintendent" of the referred-to leases. Both contracts were accepted by an officer of plaintiff.

The parties waived a jury and tried case to the court. Upon plaintiff concluding its case in chief, the defendant demurred. The demurrer was overruled to which ruling the defendant excepted. Upon the defendant electing to stand on its demurrer, the court rendered judgment for plaintiff for the return of the property in controversy, together with damages for the wrongful detention thereof in the amount of $6,279, which damages were based on the rental value of the property during the period same was wrongfully detained by defendant, and the costs of the action. Defendant filed a motion for new trial and from order denying said motion, perfected this appeal.

The defendant contends that the transactions in controversy were executed sales upon open account and not conditional sales; that plaintiff was therefore without right to replevin the equipment and supplies, and damages could not be awarded plaintiff for defendant's detention of same; that if plaintiff was in fact entitled to replevin the supplies and equipment the damages awarded for detention of same are excessive; that plaintiff failed to prove that E. A. (Red) Connelly was defendant's agent or acting within the scope of his authority when he signed the conditional sales contract that he signed.

■■■ In Phelan v. Stockyards Bank, 134 Okl. 13, 15, 276 P. 175, 177, it is pointed out that "A conditional sale is one where the property is delivered to the vendee and the purchase price is agreed upon and part of it paid, or none of it paid, but to be paid for in the future, and it being agreed that title does not pass until the full purchase price is paid. Such a contract is a conditional sale, though in the form of a lease. Tague v. Guaranty State Bank, 82 Okl. 197, 202 P. 510; Brooks v. Tyner, 38 Okl. 271, 132 P. 683; Hamilton v. Highlands, 144 N.C. 279, 56 S.E. 929, 12 Ann. Cas. [876], 878." Under the quoted rule,

the written contract in controversy is clearly a conditional sales contract.

 The record, as heretofore pointed out, develops that defendant agreed that all property which he acquired from plaintiff would be considered as having been purchased under the terms and conditions set forth in the conditional sales contracts. Accordingly, and since as between the parties an oral conditional sales contract is valid (78 C.J.S. Sales § 560, p. 267; Tague v. Guaranty State Bank of Drumright, 82 Okl. 197, 202 P. 510), there are no grounds to distinguish the transactions under which defendant acquired the property in controversy. It is, therefore, immaterial whether Connelly acted as defendant's agent in executing the conditional sales contract that he executed.

 In view of the fact that the equipment and supplies in controversy were sold under valid conditional sales contracts, plaintiff is privileged to maintain this action in replevin to recover same.

 The only evidence tending to sustain the judgment for damages was that the property in controversy had a rental value and at the rental rates charged by plaintiff for like property the rental would aggregate approximately $12,000. Damages based on the usable value for the detention of property are only allowable when it is shown that the property has a distinct usable value and the owner was in position to use same and was deprived of use thereof (46 Am.Jur. p. 78), which was not shown in the instant case. In Thomas v. First National Bank of Tecumseh, 32 Okl. 115, 121 P. 272, the following is set forth in the second paragraph of the syllabus:

"One of the exceptions to the general rule, as to the measure of damage, for the wrongful taking and conversion of personal property, is where the property so taken has a distinct 'usable value'; and horses, broken and trained to do work, would have, under ordinary circumstances, such 'usable value,' and where such property has been wrongfully taken by one, and de-

tained from another, such other has the right to recover as damages the reasonable value of the use of such property during the period of its wrongful detention; and this value is ordinarily to be determined by the ordinary market price of the use of such property at the place of taking during the period of the detention."

It is provided in part in 12 O.S.1951 § 1580, as follows:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention. * * *"

Beginning at p. 774, 33 A.L.R.2d will be found annotated notes to cases to the effect that a vendor in an action to regain property sold under a conditional sales contract is not entitled to damages based upon the usable value of property covered by the conditional sales contract.

 Under the above quoted provisions of Sec. 1580, a vendor who is out of possession of property sold under a conditional sales contract, upon showing that he is entitled to repossess the property sold, is privileged to take judgment for possession of the property sold and if redelivery cannot be had for the value of the property sold (provided the value thereof is proved) at the time vendor was first entitled to repossess the property, together with interest at the legal rate, on the value of the property from the date that the vendor was first entitled to repossess same. Warren v. Griffing, 200 Okl. 108, 190 P.2d 1014; Edge v. Smith, Okl., 284 P.2d 711, 715.

 In the event a conditional sales contract vendor gains possession of property sold under a conditional sales contract and shows that the value at the time he was first entitled to possession of the property is greater than at the time he regained possession thereof, he is entitled to judgment by way of damages for the difference in value together with interest at

the legal rate on the value of the property from the date that he was first entitled to possession. An award of damages must be based on competent evidence and can in no event exceed the agreed purchase price together with interest less payments made by the vendee. Perry v. Jenkins Music Co., 182 Okl. 51, 75 P.2d 1147 and 77 C.J.S. Replevin § 271, p. 195.

In view of the fact that the judgment awarding plaintiff possession of the property in controversy is clearly sustained by the evidence, and notwithstanding it is necessary to reverse the judgment of the trial court because of the award of special damages, this case is remanded solely for the purpose of taking evidence to establish the value of the property in controversy at the time plaintiff was first entitled to repossess same (Shipman v. Adamson, 96 Okl. 84, 221 P. 74; Edge v. Smith, Okl., 284 P.2d 711); and if said property is returned to plaintiff to also take evidence to determine the value of the property at the time same is returned. Judgment shall then be rendered in favor of the plaintiff for possession of the property in controversy or in the event the property cannot be returned for the value thereof at the time plaintiff was first entitled to retake same, together with interest at the legal rate of 6% per annum from the date plaintiff was first entitled to take possession of the property. Provided, that if the property in controversy is returned to plaintiff and the value thereof at the time same is returned is less than the value thereof at the time that plaintiff was first entitled to regain possession thereof, judgment shall also be awarded plaintiff for said difference, together with interest as above set forth. On any money judgment rendered, defendant shall be given credit for any payments made on the agreed purchase price of the property for the possession of which this action was instituted.

Reversed and remanded.

WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.

JACKSON, J., concurs in result.

DAVISON, C. J., and HALLEY, J., dissent.

The Court acknowledges the aid of the Supernumerary Judge, N. S. Corn, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.