## FIRST NAT. BANK OF RYAN v. SAPPINGTON.

No. 6838.    Opinion Filed May 23, 1916.

(157 Pac. 937.)

**EVIDENCE—Parol Evidence—Admissibility.** Notwithstanding a written warranty, whereby the grantor convenanted to convey a tract of real estate "free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatever nature," the trial court permitted the introduction of parol evidence, tending to show a contemporaneous oral agreement between the grantor and grantee, by the terms of which the grantee agreed to take the land with such defects as may have existed relative to the title thereto. **Held,** error.

(Syllabus by the Court.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by W. C. Sappington against the First National Bank of Ryan. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*Guy Green* and *Joseph T. Dillard,* for plaintiff in error.

*Bridges & Vertrees,* for defendant in error.

KANE, C. J. This was a suit to enforce the specific performance of a contract, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. After the evidence was all in, the defendant asked, and was granted, leave to amend its answer to conform to the proof. In this amended answer the defendant offered to perform the contract as prayed for by the plaintiff, provided the latter was required to reimburse it for certain reasonable expenditures

which it had made in perfecting the title to a tract of land containing 160 acres which had been conveyed to the defendant by the plaintiff by deed of general warranty as consideration for the contract which it was sought to have specifically performed.  The trial court declined to grant the defendant the affirmative relief prayed for in the amended answer, but, on the contrary, submitted to the jury the following interrogatories:

"No. 1.   At the time of the consummation of· the trade between the bank and W. C. Sappington, did E. L. Worrell advise the plaintiff, Sappington, that the deed to the farm lands would be taken subject to the approval of title to such lands?

"No. 2.   At the time of the transaction between the plaintiff and defendant bank relative to the conveyance of the 160 acres of land, did E. L. Worrell agree with the plaintiff, Sappington, to take the land with such defects as may have existed relative to the title thereto?"

Upon the jury answering interrogatory No. 1 in the negative, and interrogatory No. 2 in the affirmative, the court entered a decree for specific performance against the defendant. as prayed for.   We think the trial court also should have complied with the prayer of the amended answer, and entered judgment for the defendant for any expense properly incurred by it in clearing the title to the 160 acres of land involved in the present transaction. The plaintiff executed a "warranty deed" for this 160 acres of land, wherein he covenanted to convey the same to the defendant—

"free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature."

To permit the introduction of parol evidence for the purpose of proving that, notwithstanding the written warranty, the grantee orally agreed with the grantor to take the land with such defects of title as may have existed, as found by the jury in response to interrogatory No. 2, clearly tended to vary the terms of the written contract of warranty. Counsel for plaintiff call our attention to *Feurer v. Stewart* (C. C.) 83 Fed. 793, and *Johnson v. Elmen et al.*, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845, as supporting the action of the trial court. The first of these cases is not at all in point, and the question involved in the second, we think, is clearly distinguishable from the one here under consideration. Indeed, Mr. Chief Justice Gaines, who delivered the opinion in *Johnson v. Elmen et al.*, *supra*, points out the difference between the cases in that part of the opinion wherein he says:

"The cases in which the question of the admissibility of parol evidence to affect a covenant against incumbrances in a deed conveying land may be divided into three classes. In many cases it has been sought to show that one or more incumbrances were known to the covenantee and to exclude such from the operation of the covenant. But it is held, certainly by the great weight of authority, that this cannot be done. A sufficient reason for the rule is that the covenantee in many instances may insist upon the covenant for the very purpose of guarding against incumbrances which he knew to exist. In other cases, it has been held that parol evidence cannot be admitted to show merely that the parties orally agreed that a certain incumbrance should be excepted from the operation of the covenant. To admit such evidence is to violate the familiar rule that parol evidence is not admissible to vary the terms of a written contract. So far, the courts are in practical accord. But whether or not,

notwithstanding a covenant against incumbrances in a deed, it may be shown by parol evidence that it was agreed between the parties at the time of the conveyance and as a part of the contract, that the convenantee should himself discharge an incumbrance, is a question of more difficulty, and one upon which there is a conflict of authority."

Of the foregoing cases, it is apparent at a glance that the case at bar belongs to the second class, wherein, as stated by Mr. Chief Justice Gaines:

"To admit such evidence is to violate the familiar rule that parol evidence is not admissible to vary the terms of a written contract."

For the reason stated, the cause is remanded to the trial court, with directions to modify the judgment and decree entered therein as herein indicated.

All the Justices concur.