### WESTERN SILO CO. v. STOBAUGH.

No. 9020.—Opinion Filed Sept. 10, 1918.

On Rehearing, June 17, 1919.

**1. Evidence — Contracts — Parol Evidence Rule.**

The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of fraud, accident, or mistake of fact; and the representation made prior to or contemporaneous with the execution of the written contract is inadmissible to change or add to the terms plainly incorporated into and made a part of the written contract; if the written instrument, however, on its face is incomplete, or its terms are ambiguous, parol evidence is admissible for the purpose of supplementing the written contract or to explain its meaning, but not to contradict or vary its terms.

**2. Same.**

The written contract as set out in the opinion, as modified by the memoranda added thereto, is rendered incomplete and uncertain, and parol evidence was admissible to show what the "original guaranties" were; such oral evidence not being inconsistent with the terms of the written contract.

(Syllabus by Galbraith, C.)

Error from District Court, Johnston County; John H. Linebaugh, Judge.

Action by the Western Silo Company against F. B. Stobaugh. There was judgment for the plaintiff for part of the amount claimed, and it appeals. Affirmed.

E. D. Slough, for plaintiff in error.

John J. Stobaugh, for defendant in error.

Opinion by GALBRAITH, C. The plaintiff in error, as plaintiff in the court below, commenced this action to recover the sum of $236, evidenced by a promissory note given as part payment of the purchase price of a silo sold and delivered to the defendant by the plaintiff. The answer admits the sale and exe-

cution of the note, but payment was resisted on the ground of breach of warranty and injury resulting therefrom. The answer in part averred:

"The defendant says that he purchased from the plaintiff a silo for the price of $347, $136 of which was paid before delivery, and the sum of $211 to be paid, with the understanding and agreement between plaintiff and defendant that plaintiff agreed and warranted that said silo was to be first-class material, and contain 4½ pounds to the square foot, forced in under hydraulic pressure, creosote, and to furnish a cutter with said silo to enable defendant to cut and fill the said silo at the proper time and in the proper manner; and that ensilage was good and first-class hog feed; and that the said silo would, under all conditions, stand up; and that defendant believed said statement and warranties; and that same were made by the plaintiff to induce defendant to take said silo and make the agreement to pay and to pay said sum; and that said warranties and statements did induce the defendant to make and enter into said contract for the sale of said silo."

The case was tried to the court and a jury, and a verdict returned in favor of the plaintiff for $67.20. Judgment was entered on the verdict for the amount thereof and costs of suit, from which the plaintiff has prosecuted this appeal.

The principal error assigned is the admission of parol testimony to prove the warranty and the breach thereof and the resulting injury. The contract of sale was in writing and was as follows:

"May 1, 1913.

"Western Silo Co., Des Moines, Iowa. Please ship to me the following goods on or before June 15th, 1913, or at your earliest convenience: Point, Mannsville. Mail address, Mannsville. R. F. S._____L_____silo. Diameter, 14; height 30; pine 2 P, $262.00, _____cutter No._____. Mounted._____ Ft. of Pipe. Price_____Total $262.00."

"Terms ½ cash on Del. Bal. June 1st, 1914, will furnish 1 comp. man to help erect.

"Bill of lading and settlement papers are to be mailed to the First State Bank of Mannsville and I agree to receive the above-mentioned articles and make settlement in accordance with the terms specified above immediately on receipt of goods.

"Failure to make settlement as above specified releases the Western Silo Company from all responsibility and makes the entire amount due.

"Carload rate of freight allowed on silo. Cutters f. o. b. nearest distributing point.

"If on receipt of silo any part is found defective or missing, I will within ten days notify the Western Silo Co., in writing and give them reasonable time to replace all such parts and at such time as such replacements are made, their responsibility ceases.

"Title to the goods ordered and right to reclaim possession thereof for the balance of the purchase price shall remain in the aforesaid company and in case of suit, there shall be allowed reasonable attorney's fees and any other costs incurred in prosecution of same. Venue thereof in Polk county, Iowa.

"This order can only be canceled by purchaser sending Western Silo Co., draft for 25 per cent. of the purchase price before shipment is made.

"This order is not binding on the aforesaid company until accepted by them in writing at their office in Des Moines, Iowa, and I agree to hold them blameless if they are unable to make shipment on account of cause beyond their control.

"It is understood that this order constitutes the entire agreement between the parties hereto, and the Western Silo Co., will not, under any circumstances, allow any deductions of whatsoever nature not specified in this order.

"If this order is for an ensilage cutter, it is sold subject to the manufacturer's guaranty as printed in catalogue.

"[Signed] F. B. Stobaugh.

"O. K. Credit Department.

"Salesman, Chas. G. Wagner.

"Accepted by Western Silo Co., by Kelly Bell. Sent to Western Silo Co., 1913."

Indorsements:

"Acknowledged and instructions sent. Received May 5, 1913."

Memorandum sheet attached to foregoing:

"I will change my order on 100 ton silo 2 piece pine to 100 tons silo creosoted material and pay the difference of $80.00 on January 1, 1914. Should said silo have left the factory I will let the original order stand good. The original guaranties stand good with the change in material.      F. B. Stobaugh."

It appears from the record that the modification of the contract embraced in the memorandum attached thereto was executed before the contract was forwarded to the company for acceptance, and was accepted by the company with the memorandum attached to it, and that the silo delivered was the one described in the memorandum.

It is contended on behalf of the plaintiff in error that the contract was in writing, and was complete and embraced the entire contract, and since it contained no warranties, oral testimony was not admissible to add thereto or to change the terms thereof, and the court erred in admitting such testimony over the plaintiff's objections.

The rule contended for by the plaintiff in error is well established, but it does not seem to be applicable or controlling in the instant case for the reason that the memorandum attached to the original contract modifies the terms thereof and introduces an ambiguity therein, in this, that it contains the phrase: .

"The original guaranties stand good with the change in material."

There were no guaranties set out ·in the original contract. Hence, if there were guaranties, they must have been oral. The contract as thus modified discloses that the entire contract was not reduced to writing, and therefore parol evidence was admissible to establish the entire contract between the parties, that is, to prove what the "original guaranties" were.

In McNinch v. Northwestern Thresher Co., 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803, it is said:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representations made prior to ·or contemporaneous with the execution of the written contract, are inadmissible to contradict, change, or add to the terms plainly incorporated into and ·made a part of the written contract."

In Holmes v. Evans, 29 Okla. at page 377, 118 Pac. at page 146, it is said:

"When the writing does not purport to .disclose the complete contract, or if, when read in the light of attendant facts and circumstances, it is apparent that it contains only a part of the agreement entered into by the parties, parol evidence is admissible to show what the rest of the agreement was; but such parol evidence must not be inconsistent with or repugnant to the intention of the parties as shown by the written instrument, for, where a contract rests partly in parol, that part which is in writing is not to be contradicted."

So in the instant case it is apparent that the entire contract was not reduced to writing, and parol evidence was admissible to show the entire contract, that is, to explain what the "original guaranties" were, since such evidence was not inconsistent or repugnant ·to the written instrument.

"It, therefore, appears that the court did not err in overruling the objections of the plaintiff to the oral evidence complained of. The other assignments of error, it seems to us, do not call for further consideration than the statement that they are not well taken.

There were no objections to the instruc-tions of the court to the jury; hence it is presumed that the law was correctly stated therein. It not being made to appear that there are any prejudicial errors of law set out in the record, we, therefore, conclude that the judgment appealed from should be affirmed.

### On Rehearing.

HIGGINS, J. In the plaintiff in error's petition for rehearing it is claimed that Commissioner Galbraith overlooked his second assignment of error, to wit: "That the evidence of the defendant in error was insufficient to counterclaim for breach of warranty if it could be said there were such warranties as alleged;" the force of this assignment being that it was the duty of the trial court to instruct a verdict for plaintiff in error. The defendant in error pleaded that there was a breach of warranty in reference to the quality of the property, to wit, a silo by him purchased, and introduced evidence tending to show that, after the silo was erected by plaintiff in error, it had to be tied up by four wires and anchored to keep it from falling down; that it dried up and cracks came in it; that there was 1½ pounds creosote used when the guaranty called for 4½ pounds; and that the bottom of the silo was rotten. We believe that it was proper for this evidence to go to the jury in order to throw some light on the question as to the value of the silo actually received by defendant in error. The court is justified in instructing a verdict when there is a total lack of evidence on one side of a controversy or when all the evidence offered and all reasonable inferences to be drawn therefrom are of such a character that all· reasonable men must reach the same conclusion.

We find that the trial court properly submitted all issues to the jury, and that the opinion of the Commissioner reached the correct conclusion. We adhere to that conclusion; therefore the judgment of the trial court is affirmed.

OWEN, C. J., and SHARP, PITCHFORD, and McNEILL, JJ., concur.