### FULLER v. CARAWAY.

No. 14688—Opinion Filed Jan. 29, 1924.

1. **Contracts—Oral Negotiations Superseded by Writing.**

The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument in the absence of fraud, accident, or mistake of fact, and the representations made prior to or contemporaneous with the execution of the written contract are not admissible to change or add to the terms of the written contract.

2. **Reversal of Judgment.**

Record examined; held, to be insufficient to support judgment for plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by W. M. Caraway against Frank A. Fuller for damages. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

Biddison & Campbell, for plaintiff in error.

Luther James and T. L. Brown, for defendant in error.

Opinion by STEPHENSON, C. Heretofore, and on June 15, 1920, the plaintiff was occupying the premises under lease owned by the defendant, in which he was conducting a drug store business. On June 6, 1919, the defendant conveyed a lot adjoining the premises occupied by plaintiff to the Oklahoma Union Railway Company. One of the conditions embodied by the defendant in the deed of grant reads as follows:

"That the property herein conveyed shall be used for the depot and not for commercial purposes."

The plaintiff alleged that on and prior to June 15, 1920, he was conducting a profitable mercantile business on the premises then occupied, and that by reason of the railway locating this depot adjacent to his store, it would increase his business, and render the premises more valuable for the conduct of his business. The plaintiff alleged further that on June 15, 1920, the defendant offered to lease to the plaintiff the premises then occupied by him for a period of three years, commencing June 15, 1920, at a rental of $135 per month. The lease was entered into between the parties and provided in part as follows:

"It is further understood and agreed that the property herein leased will be used for drug store purposes only."

The plaintiff alleged that the defendant agreed with him that a cool drink business would not be conducted in the building placed on the lot purchased by the railway company, and this agreement on the part of the defendant made the lease more valuable than it would have been with the cool drink business conducted adjacent to and in competition with his business. The plaintiff for his cause of action alleged that the defendant, in violation of his agreement, on April 1, 1922, installed a cool drink stand in the railway depot and commenced to sell soft drinks in competition with the plaintiff, and in violation of his agreement, to the damage of plaintiff's lease in the sum of $3,000, and a further damage of $7,000 by reason of loss of business drawn from him by the defendant's acts in establishing the cool drink business in competition with plaintiff. The plaintiff filed his action against the defendant about May 18, 1922, which later came on for trial. After the plaintiff had introduced his evidence and rested, the defendant demurred to the evidence, which was overruled by the court, with exceptions saved by the defendant. The defendant then offered his evidence and in the trial of the cause the jury returned its verdict for the plaintiff in the sum of $1,000 as damages to the lease, and $4,500 for damages to his business. The

defendant has appealed the cause to this court, and among the several errors assigned is the action of the court in overruling defendant's demurrer to the evidence. In the trial of the cause, the following proceedings were had:

"The Court: You are suing on a written lease? Mr. James: No, we are not suing on a written lease; we are suing this party for violation of his covenant that he would not go into business."

The answer of the plaintiff to the court's inquiry placed the plaintiff in the attitude of undertaking to recover in this action on an oral covenant or agreement in connection with the lease held by the plaintiff on the premises. The question has been before this court several times heretofore, and the rule uniformly applied denies plaintiff's right of recovery. The execution of a contract in writing supersedes all oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of fraud, accident, or mistake of fact, and the proof of oral stipulations concerning the subject-matter of the written contract cannot be received to add to or take from the terms of the written agreement. The plaintiff in this case, according to his own admission or statement of his right of action, is attempting to recover damages for the breach of an oral covenant of a lease entered into in writing between the parties. The plaintiff's petition and his proof in this regard did not state or prove a cause of action in favor of the plaintiff and against the defendant. Western Silo Co. v. Stovaugh, 75 Okla. 73, 182 Pac. 670; Bailey v. Lankford, 54 Okla. 692, 154 Pac. 672; Spaulding v. Howard, 51 Okla. 502, 152 Pac. 106; First Natl. Bank v. Sappington, 53 Okla. 708, 157 Pac. 937.

Therefore it is recommended that this cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.