## ALLEN et al. v. BATES et al.

No. 18091.  Opinion Filed June 19, 1928.

Rehearing Denied March 5, 1929.

F. B. Dillard, for plaintiffs in error.

Mason, Honnold, Carter & Harper, for defendants in error.

JEFFREY, C. This is an appeal from an order sustaining a demurrer to plaintiffs' second amended petition and the amendment thereto. The action was brought by A. D. Allen and J. J. Allen, as plaintiffs, against Sadie Bates and Florence H. Bates, as defendants, to have reformed a certain note and real estate mortgage in order that they might speak the true intentions of the parties. The second amended petition and the amendment thereto allege, substantially, as follows: That on the 22nd day of November, 1920, plaintiff A. D. Allen and his wife, Frances Allen, entered into a written contract with the defendants through their duly authorized agent, Gordon Grady, to purchase lot 9 in block 19 of College addition to the city of Tulsa, Okla.; that by the terms of said written agreement A. D. Allen contracted to pay as the purchase price thereof the sum of $5,100, payable $800 cash and the balance of $4,300 to be paid in monthly payments of $49.33 without interest, except that any past-due and unpaid monthly installments should bear interest at 8 per cent.; that plaintiff A. D. Allen was a young man, inexperienced in real estate forms and instruments, and that this was known to defendants' agent, Gordon Grady; that the said Gordon Grady was an experienced and able real estate agent; and that when the parties were ready to close said transaction, the said Gordon Grady stated to A. D. Allen that he would see that all papers were properly prepared to carry out the agreement made by plaintiffs and said defendants in the purchase of said property; that on December 6, 1920, A. D. Allen and wife executed a note and mortgage for the sum of $4,300, which had been prepared by the said Gordon Grady; that the said Gordon Grady did not prepare said note and mortgage in keeping with the agreement of the parties, but by mutual mistake of the parties, or by the fraud of defendants or their agent, provided therein that said balance of $4,300 should bear interest at the rate of 8 per cent.; that a provision was inserted in said mortgage to the effect that monthly interest payments should be deducted from the payment of $49.33, and the balance applied on the principal, and that said A. D. Allen being inexperienced in such transactions, and relying upon the promise of the said Gordon Grady to prepare said instruments to carry out the agreement of the parties, failed to discover the provisions providing for interest on the balance of purchase price. It was further alleged that, prior to November 22, 1920, said Gordon Grady offered to sell said real estate for $5,100, payable $800 cash, and the balance to bear interest at 8 per cent., which offer was by the said A. D. Allen rejected. Said petition further alleges that the plaintiff, J. J. Allen, purchased said real estate from A. D. Allen; that he examined the contract entered into on the 22d day of November, 1920, and purchased said property relying upon the statements in said contract to the effect that the deferred payments did not bear interest; that defendants have applied, and claim the right to apply, a portion of said monthly payments to the payment of interest on the balance of the purchase price; that said conduct and claim amounts to a cloud upon the title of plaintiff J. J. Allen, and interferes with the value and sale of said property. Plaintiffs then tendered the remaining balance of the $4,300 without interest, and asked that said contract, note and mortgage be construed, and that the note and mortgage be reformed to speak the truth and to comply with the terms of the contract and the intentions of the parties, and to remove the cloud from plaintiffs' title to said property.

Defendants demurred to plaintiff's amended petition, assigning several grounds therefor. The demurrer was sustained on the ground that the second amended petition as amended did not state facts sufficient to constitute a cause of action against the defendants. Plaintiffs elected to stand upon their petition, and the same was dismissed at their cost, and plaintiffs have appealed.

The petition alleges that the note and mortgage, either by mutual mistake of the parties or by fraud of the defendants or their agents, were made to include other

and different provisions than those agreed upon by the parties. That part of the original contract relating to the manner of paying the balance of purchase price and the payment of interest is as follows:

"$4,300, which shall be payable in installments $49.33 per month including interest at the rate of 8 per cent. per annum payable monthly upon such sums as may have remained from time to time unpaid."

The note reads:

"$4,300 payable monthly at $49.33 per month including interest beginning January 6, 1921, after date, for value received, we promise to pay to the order of Sadie Bates and Florence Bates forty-three and no/100 dollars without defalcation or discount with interest at the rate of 8 per cent. per annum. * * *"

The note further provides, should any interest or principal not be paid when due, it shall bear interest at the rate of 10 per cent. per annum until paid. That part of the mortgage complained about is as follows:

"One certain promissory installment note in the amount of $4,300 payable at the rate of $49.33 per month, which includes interest on the entire unpaid balance at the rate of 8 per cent. per annum, the interest to be figured out of the payment and the balance applied on the principal. * * *"

Plaintiffs contend that the original contract of sale expresses the true agreement of the parties; that by its terms it plainly states that only past-due and unpaid installments should bear interest; and that the note and mortgage should be made to conform thereto. We cannot agree that the above-quoted provision of the contract is clear and unambiguous in its meaning as contended by plaintiffs. The best that can be said in plaintiffs' favor is that this provision of the contract may be ambiguous in its meaning as to what amounts should bear interest. It would be indeed hazardous to assume that this instrument means what plaintiffs contend it does, and attempt to conform thereto the other instruments which clearly express a contrary meaning. Counsel for plaintiffs cite several authorities to the effect that "unpaid" is more commonly applied to a debt due than a debt undue. This may be true, and yet the meaning of the word in each instance would depend upon the subject-matter and the context in connection with which it is used.

It is well settled that mistake of fact is not sufficient to warrant a court of equity to decree reformation of a written instrument unless the mistake be mutual between the parties. That is, each of the contracting parties must labor under the same misapprehension in respect to the terms of the written instrument or the true agreement. Hope v. Bourland, 21 Okla. 864, 98 Pac. 580. And these facts must be clearly and distinctly pleaded. Let us then inquire whether or not the petition alleges sufficient grounds to constitute a cause of action on account of mutual mistake. Photostatic copies of the original contract, note and mortgage are attached to the petition and pleaded as exhibits. With reference to the note and mortgage we think there could be no difference of opinion but that these instruments provide that the entire balance of the purchase price should bear interest at the rate of 8 per cent. payable monthly to be deducted from the specified monthly payments. The mortgage is very specific in its terms in regard to the interest, and, certainly, if these instruments were prepared by one who knew what the actual terms of the sale were, these provisions were not placed therein by mistake. Neither A. D. Allen nor his wife ever met, in the course of the transaction, with the defendants who were the owners of the real estate involved. The entire transaction was handled between Gordon Grady on the one hand and A. D. Allen and wife on the other. The agreement pleaded by plaintiffs was had with Gordon Grady. The instruments were prepared by him or under his direction, and certainly if the agreement was as plaintiffs contend, the provisions in the note and mortgage now complained about were not inserted by Gordon Grady by mistake, and the mistake, if any, was not a mutual one.

It then becomes necessary to inquire whether or not the allegations of fraud are sufficient to withstand the demurrer. By the amendment to the second amended petition, plaintiffs allege that A. D. Allen was a young man, inexperienced in real estate transactions; that this was the first transaction of the kind he had ever engaged in; that this was known to Gordon Grady who was an experienced real estate agent; that Gordon Grady proposed to prepare the necessary instruments to carry out the agreement made by the parties; that A. D. Allen did not read the instruments presented, but relied upon the statement of the said Gordon Grady that said note and mortgage followed the contract and clearly set forth the agreement made. It is further alleged that those provisions in the note and mortgage were fraudulently inserted by the said Gordon Grady. There is no allegation that the plaintiff A. D. Allen could not read or write, but, on the contrary, the photostatic copies of

the instruments show his signature in a very neat legible hand. While he was inexperienced in real estate transactions, as most people are, except those engaged in the business, he does not appear to have been laboring under any form of disability. No confidential relation is pleaded, and no other reason is assigned why he did not read the note and mortgage, except that Grady stated that he would have the papers drawn to express the agreement; and that Grady was an experienced real estate man, and plaintiff was not.

In the case of Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 Pac. 577, the defendant was sued upon a jewelry contract. By way of answer he alleged that when the contract was submitted to him for signature his eyes were not good; that he did not care to take the time to read the contract, but had plaintiffs' agent read it to him. He further alleged that plaintiffs' agent fraudulently misrepresented the contents of said contract; that he relied upon the representations that the contract contained the terms of the agreement, when in fact it did not. This court held that a demurrer to the answer was properly sustained. In discussing this question the court said:

"The identical questions presented by the record in this case have heretofore been determined by this court, and these two propositions are settled beyond controversy: First. Where a person signs a written contract if he is in possession of his faculties and able to read, a mere false representation to such a person that the writing contains their verbal understanding is not the fraud contemplated upon which parol evidence may be admitted to alter or vary the terms of a written instrument."

This court has repeatedly reaffirmed that doctrine. McNinch v. Northwestern Thresher Co., 23 Okla. 386, 100 Pac. 524; Mcdonald v. McKinney Nursery Co., 44 Okla. 62, 143 Pac. 191; Outcault Advertising Co. v. Waurika National Bank, 100 Okla. 96, 227 Pac. 144; Western Silo Co. v. Stobaugh, 75 Okla. 73, 182 Pac. 670; Green v. Cox Machine Co., 116 Okla. 255, 244 Pac. 414. It has also been repeatedly held by this court that a person signing an instrument is presumed to know its contents, and one in possession of his faculties, able to read and understand and having an opportunity to read an instrument which he signs, if he neglects and fails to do so, cannot escape its liability. Mayfield v. Fidelity State Bank, 121 Okla. 177, 249 Pac. 136. If a party is induced to sign a contract by fraud, he can avoid it for that reason. However, it is well established that merely falsely representing to a man, in possession of his faculties and able to read, a writing embodying their agreement is not the fraud the law contemplates. In practically all of the cases examined the original agreement pleaded and relied upon was a verbal one, while the original agreement in the case at bar was in writing. Whether the former agreement relied upon as the true agreement be parol or in writing, a subsequent written instrument could not be reformed without parol evidence concerning its inaccuracies. We see no reason for a different rule in this character of cases, and especially since it is not clear from the original agreement that it was intended that the entire balance of the purchase price should not bear interest.

Counsel for plaintiffs cite and reply upon the First National Bank v. Elam, 126 Okla. 93, 258 Pac. 892, and Gault v. Spears, 125 Okla. 126, 256 Pac. 515. The facts of these cases distinguish them from the case at bar. The mortgage in the first case was misleading. At the top of the face of the mortgage it recited one amount for which Cecelia Elam thought she was giving security, and it contained other provisions on the back of the mortgage for a much larger sum. Several things entered into the Elam Case other than the representations as to what the mortgage contained. In the case of Gault v. Spears, there was some evidence of a confidential relation between the parties.

The contract upon which J. J. Allen claims to have relied in purchasing the land recited that the balance of purchase price was to be secured by mortgage. The mortgage itself shows to have been filed for record on December 28, 1920. In view of these facts, neither has J. J. Allen shown a right to the relief prayed.

We conclude that the trial court did not err in sustaining the demurrer to the second amended petition as amended, and the judgment of the trial court is therefore affirmed.

BENNETT, HERR, DIFFENDAFFER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 34 Cyc. p. 974; (1) anno. 26 A. L. R. 501; 23 R. C. L. p. 327; 3 R. C. L. Supp. p. 1324; 4 R. C. L. Supp. p. 1500; 5 R. C. L. Supp. p. 1241; 6 R. C. L. Supp. p. 1372: 7 R. C. L. Supp. p. 774. (2) 34 Cyc. p. 975.