## SANDERS v. KIRK.

No. 18755.   Opinion Filed Oct. 15, 1929.

Withdrawn, Corrected, Refiled, and Rehearing Denied Nov. 19, 1929.

Chas. E. Wells, for plaintiff in error.

Saunders & Emerick, for defendant in error.

HEFNER, J.  Green Kirk, defendant in error herein and plaintiff below, brought this action against Curtis Sanders, plaintiff in error herein and defendant below, to cancel what is termed a mineral deed, purporting to convey from the plaintiff to the defendant an undivided one-half interest in the oil and gas and other minerals in and under 80 acres of land in Pottawatomie county, Okla. The plaintiff alleges that he had no contract of any kind with the defendant, but that on or about February 9, 1924, R. L. Straughan caused the plaintiff to execute and deliver to Straughan an instrument in writing, whereby he conveyed to the said Straughan an undivided one-half interest in the minerals, with the oral understanding that Straughan should sell to such purchaser as he could obtain for said mineral rights, and upon obtaining such purchaser Straughan orally agreed to pay the plaintiff therefor. It was further alleged that Straughan and the defendant knew that the

lands were heavily mortgaged and that the plaintiff agreed to sell the mineral rights for the sole purpose of obtaining funds to pay off the mortgage; but Straughan did not pay for said conveyance and plaintiff was compelled to otherwise obtain funds with which to pay the mortgage indebtedness, and on or about March 1, 1924, applied to Straughan for a return of the royalty deed; that Straughan then told the plaintiff he had lost the deed, but that he would endeavor to find it and return it to him; that about March 1, 1924, he revoked the oral agreement to sell the mineral rights and directed Straughan to return the conveyance to him, and that Straughan agreed to return the same; that, in fact, Straughan had not lost the instrument, and thereafter, about January 23, 1925, he delivered said instrument to Curtis Sanders, whose name he inserted therein as the grantee, and caused said deed to be immediately recorded.

The defendant in his answer denied all the allegations of fraud, and alleged that on or about the 19th day of May, 1923, Straughan purchased from the plaintiff all of the mineral rights in and under the 80-acre tract, and that plaintiff executed two deeds in favor of Straughan, each deed conveying an undivided one-half interest in the minerals, and that the grantee in each of said deeds was left blank and full authority was given by the plaintiff to insert the name of any persons who would purchase the same, and that the full purchase price was paid to the plaintiff by Straughan, and that thereby Straughan became the owner of all the oil and gas rights in and under said land; that soon after the execution of said deeds one was delivered to A. C. McCoy, who purchased one-half of the minerals; that Straughan lost the other deed and several months thereafter caused the plaintiff to execute a new deed, in lieu of the lost one, covering an undivided one-half interest in the minerals, and the grantee in said deed was again left blank; that on October 31, 1924, Straughan sold to the defendant the one-half interest in the minerals and delivered the deed to him after filling in his name as grantee.

The plaintiff testified to facts which supported his theory of the case, and two other witnesses in part corroborated him. Straughan testified to substantially the facts alleged in defendant's answer, and his testimony was corroborated in part by other witnesses. A check was introduced in evidence in favor of plaintiff in the sum of $160, on which was indorsed: "For all royalty in 9-8-3, 80a."

After hearing the evidence the court found generally in favor of the plaintiff and against the defendant, and entered its decree canceling the deed.

The plaintiff in error says that there is but one question in the case, and that is, "Does the deed given by the plaintiff, with blank grantee, with authority to Straughan to fill in the name of the grantee, when delivered to the defendant with his name properly filled in, constitute a valid instrument conveying the one-half royalty to the defendant?"

As to this question, the general rule is announced by the Supreme Court of Washington in the case of Clemmons v. McGeer, 115 Pac. 1081. There it is said:

"* * * It seems to be well settled that a deed in which the name of a grantee is left blank, and otherwise lawfully executed, will vest title in a person whose name is subsequently inserted therein by one having authority from the grantor to do so. * * *"

We think the above rule is a correct statement of the law, but, as we view it, this is not the only question in the case. The plaintiff testified that he executed but one deed at the beginning of the transaction and that it conveyed an undivided one-half interest in the minerals, and that Straughan later paid him for the interest conveyed by this deed, and that the check introduced in evidence in the sum of $160 was for this deed, and that the consideration was $4 an acre. He further testified that quite a while after the execution of the first deed he executed a second deed, conveying an undivided one-half interest in the minerals, and delivered it to Straughan; that he decided later not to sell the one-half interest and went to Straughan and asked him to return the deed to him; that Straughan told him the deed had been misplaced and he could not find it, but that he would mail it to him in a few days. This, at least, is the effect of his testimony. Plaintiff's testimony is corroborated by other witnesses. Disregarding his promise to return the deed, so plaintiff testified, Straughan sold the mineral rights to the defendant. If we consider this testimony as true, and the trial court evidently did so consider it, then the deed should have been returned, unless the defendant is an innocent purchaser.

Straughan testified that plaintiff gave him two deeds to begin with, each conveying an

undivided one-half interest in the mineral rights in 80 acres; that shortly thereafter he sold a 40-acre interest in the minerals to McCoy for $280 and inserted his name as grantee in one of the deeds and delivered it to him, and that out of this money he paid the plaintiff $160 which was in full payment for both deeds, or the entire 80-acre interest in the minerals. Straughan further testified that after several months had gone by he lost the other deed and that he went to the plaintiff and procured another one in lieu thereof, and that he did not owe the plaintiff anything for the second deed because the $160 referred to above was the total consideration for the entire 80 acres.

Here is a sharp conflict in the evidence. The court evidently believed the testimony of plaintiff and his corroborating witnesses, and, under the conflicting evidence, we do not think we would be justified in disturbing this finding.

Was the defendant an innocent purchaser? A deed in which the name of the grantee is left blank, but otherwise properly executed, when filled in and delivered, by an agent without authority, to a purchaser with knowledge of the facts or of circumstances sufficient to put him upon inquiry, is voidable as between the grantor and such purchaser. Guthrie v. Field, 85 Kan. 58, 116 Pac. 217, 37 L. R. A. (N. S.) 326; Clemmons v. M'-Geer, supra; 4 Thompson on Real Property, § 3975; and note to 32 A. L. R. 737.

Where the testimony is oral and conflicting, and the trial court makes a general finding, as was done in this case, such a finding is a finding of every special fact necessary to sustain the judgment. It follows that the trial court necessarily found that the defendant, under the facts disclosed by the evidence, was not an innocent purchaser. After a careful consideration of the evidence we are not disposed to disturb its finding in this respect.

The judgment is affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, SWINDALL, and ANDREWS, JJ., concur.