### KITTREDGE v. CARY.

No. 19670. Opinion Filed March 3, 1931.

Saunders & Emerick and J. Knox Byrum, for plaintiff in error.

Arrington & Evans, for defendant in error.

HEFNER, J. B. R. Kittredge, the plaintiff in error, as plaintiff, brought this suit against John I. Cary, defendant in error, as defendant. He alleged that he was the owner of a certain 80-acre tract of land, and that the defendant was claiming some interest in it. In his answer the defendant pleaded that on the 20th day of February, 1926, Anna S. Delahunt, as the owner of the land, for a valuable consideration, sold to him an oil and gas lease on the property for a term of ten years. It was further alleged that at the time the plaintiff purchased the land the lease was of record, but, on account of an error of the draftsman in drawing the lease, the land was described as being in section 27 instead of section 29; that it was the intention of both the lessor and the lessee for the lease to cover the land in section 29, and that the writing of the description in section 27 was through the mutual mistake of the parties, and that the instrument by mutual agreement by the lessor and the lessee and for the purpose of carrying out the terms of the original lease agreed to and did change section 27 to 29.

It was further alleged that at the time the plaintiff purchased the land he had personal knowledge that the defendant owned an oil and gas lease on the property and that he accepted the deed subject to the rights of the defendant under the lease, and for that reason was estopped, and prayed that the defendant have judgment decreeing his lease to be valid and for such other relief as to the court might seem just and proper.

Upon a hearing to the court the plaintiff was denied any relief and the defendant was given judgment decreeing his oil and gas

lease to be a legal and binding lease on the property and the title was quieted in him.

It is the contention of the plaintiff that this lease is void and constitutes a cloud upon his title for the reason that it was materially altered after its execution, that there was no contractual relation between the lessor and lessee, that the name of the lessee was inserted by himself without any authority either written or oral from lessor, that after the lease was recorded and after the plaintiff had acquired the property, the defendant materially altered the lease by changing the description from section 27 to section 29 and then re-recorded it without a new execution thereof.

Mr. Bowlby was the agent of Ann Delahunt and sold the lease for her to the defendant and he was also the agent who thereafter sold the land to the plaintiff. He testified that the lease was sent through a bank with a draft attached to it and the name of the lessee was left blank and that Mr. Mallory, who was acting as the broker, was to insert the name of the purchaser of the lease. The defendant was the purchaser. The defendant did not insert the name of the lessee, but that was done by the agent who sold the lease. We think the facts in this case bring it within the rule announced in the case of Sanders v. Kirk, 140 Okla. 26, 282 Pac. 145. There it was said:

"A deed in which the name of a grantee is left blank, and otherwise lawfully executed, will vest title in a person whose name is subsequently inserted therein by one having authority from the grantor to do so; but where the agent inserts the name of the grantee and delivers the deed, without authority, to a purchaser who has knowledge of the facts, or of circumstances sufficient to put him upon inquiry, such deed is voidable as between the grantor and such purchaser."

At the time the plaintiff purchased the land there is no doubt but that he had notice that there was an oil and gas lease on it. Mr. Mallory, who was the agent who sold the land to him, testified that in different conversations he told the plaintiff that there was an oil and gas lease on the property. The plaintiff did not deny this testimony, and soon after the land was purchased he wrote to Mr. Mallory the following letter:

"E. J. Mallory, Okmulgee, Okla. Dear Sir: I have purchased Anna S. Delahunt farm W. ½ N. E. ¼ 20-10-2E. on which you have a lease. If you have disposed of this please advise the Co. to that effect. And for confirmation of sale, please write Mortgage Security Co., Shawnee, and have records show so the deposit slip can be made to me. Resp., B. R. Kittredge."

With this actual knowledge the plaintiff does not and cannot claim the benefits of an innocent purchaser. He bought the land knowing that an oil and gas lease had been sold on it by his grantor before he purchased it. In his answer the defendant pleaded a mutual mistake as to the description of the land in the lease, and further pleaded the facts and circumstances surrounding the taking of the lease and its correction. All of the parties were before the trial court, the allegations in the defendant's answer with reference to the mutual mistake were established by the evidence. After hearing the same the trial court was of the opinion that the plaintiff should not recover and that the defendant owned an oil and gas lease on the property and that his lease should be declared a valid lease, and judgment was entered accordingly.

Since the plaintiff purchased the land with notice that the lease had been sold by his grantor, he is in the same position his grantor would have been in had she been the plaintiff. The land in the lease was misdescribed by mutual mistake, but that did not invalidate the lease as between the parties as to any subsequent purchaser with notice. We think the correct rule was announced in the case of Battle v. Wolfe (Tex. Civ. App.) 283 S. W. 1073. There it was said:

"The unintentional misdescription of the property, which is the result of the mutual mistake, does not invalidate the instrument between the parties or as to a subsequent incumbrancer or purchaser with notice of the mistaken description."

The plaintiff does not and cannot, under the record, claim as an innocent purchaser. He took whatever title his grantor had and no more. We think the trial court rendered the correct judgment, and it is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1, 2,) 26 R. C. L. p. 472.