## WHITE et al. v. OLIVER.

No. 25915.    June 11, 1935.

Rehearing Denied Sept. 25, 1935.

Harry Stephenson and Clem H. Stephenson, for plaintiff in error S. J. King.

James C. Wright and Wm. S. Peters, for defendant in error.

PER CURIAM. This is an appeal from a judgment upon the pleadings rendered in favor of the defendant in error, B. Oliver, plaintiff below, against the plaintiff in error S. J. King and others, defendants below All the defendants appear to have abandoned their appeal except the defendant S. J. King.

The note sued upon reads as follows:

"No. ____                              $1,500.00
"Okemah, Oklahoma, January 15th, 1933.
"On the 15th day of October, 1933, for value received, I, we, or either of us, promise to pay to the order of B. Oliver the sum of fifteen hundred and no/100 dollars payable at the First National Bank, Okemah, Okla., with interest from date at the rate of 10 per cent. per annum payable annually, and costs for collection. If this note is not paid when due the interest becomes a part of the principal and draws the same rate of interest.

"Should this note be placed in the hands of an attorney for collection $150 shall be allowed as attorney's fee and an additional 10 per cent. to be added and taxed with the costs whether it goes to judgment or not. and the holder may sell at public or private sale, without notice, any and all collaterals held as security for this note, at any time, and credit the proceeds thereof on the note, or collect collateral by law and apply the proceeds as aforesaid. All the makers, sureties and indorsers hereto, hereby waive appraisement, notice of extensions, nonpayments and protest and agree that any extensions of the time made hereon, or renewals hereof, shall not affect their liability whether they have notice of such extensions or renewals or not.

"(Signed)      C. L. White
              "J. E. Neal
              "H. C. Glaze
              "E. Johnson
              "John Glover
              "S. J. King 5 S. O.
              "H. C. McCormick."

The verified answer of the defendant King admits the execution of the note sued upon, and further states in substance that some time prior to the execution of said note, he and the other defendants bought certain stock in the Farmers & Merchants Bank at Boley, Okla., for which they became liable to pay $5,000; that said stock was issued to the defendant C. L. White, and that it was to be divided and owned by the defendants in certain respective proportions set out in the answer, the share of the defendant S. J. King being stated as $500; that the $5,000 consideration for said stock was borrowed by them from the First National Bank of Okemah, Okla.; that thereafter the defendants paid $3,500 upon said obligation, leaving an unpaid balance of $1,500; that the various defendants owed certain specific amounts or shares of said balance, each share being separately set out in the answer, and the share of the defendant King being stated as $150; that for the purpose of paying the said $1,500 balance the defendants borrowed from the plaintiff, B. Oliver, the said sum of $1,500; that the plaintiff agreed to advance the said sum of $1,500 and take as evidence of the indebtedness the promissory note of the defendants, should it be understood and agreed that each of the defendants should become liable to the plaintiff for the sum of money that each owed upon said total amount, but that for convenience only one note was executed for said sum of $1,500, it being signed by all the defendants; that it was expressly understood and agreed that the liability of each defendant should be limited to the amount owed by him upon the stock hereinbefore mentioned, and that the defendant King should be liable for only the sum of $150, and the other defendants should be liable for such sums as were individually owed by them; that it was further agreed at the time of the signing of said note that no one of the signers should be or become surety for or liable to the plaintiff for the amount owing by any other defendant upon such obligation; that the defendant S. J. King so informed the plaintiff at the time he signed the said note, and that said defendant signed the note in the following manner: "S. J. King 5 S. O.," explaining to the plaintiff that the term "5 S. O." meant that he was binding himself for the balance due on 5 shares only of the stock that the defendants had bought, the said stock being issued in shares of the par value of $100 each, and that said defendant became indebted to the plaintiff in the sum of $150, with its accumulation of interest and its proportional part of the costs. The defendant prays that the plaintiff take judgment against him for no more than the sum of $150 with its accumulation of interest and costs.

All the defendants filed answers similar in form to that of the defendant King, but

varying as to the amounts admitted to be due from each.

The court sustained a motion by the plaintiff for judgment on the pleadings, and rendered judgment in favor of the plaintiff and against the defendants for the sum of $1,500, interest, attorney's fee, and costs; the journal entry of the judgment reciting:

"The court finds from the pleadings that on the 15th day of January, 1933, the said defendants and each and all of them severally and jointly made, executed and delivered to said plaintiff their several and joint promissory note for a valuable consideration, in the sum of $1,500, bearing interest at the rate of ten per cent. per annum, payable on the 15th day of October, 1933; * *, * that no part of said note or interest has been paid; and that the separate answers of the defendants wholly fail to state a defense to the action and petition of the plaintiff. * * *"

The defendant S. J. King contends that the trial court erred (1) in sustaining the plaintiff's motion for judgment on the pleadings and in rendering judgment against the defendant S. J. King; and (2) that the trial court erred in finding in its judgment on the pleadings that the defendant S. J. King was a surety for the other defendants and was individually liable for the entire sum, and that the pleadings do not support such judgment.

As said by this court in Mires v. Hogan, 79 Okla. 233, 192 P. 811:

"A motion for judgment on the pleadings is of the nature of a demurrer, is governed by the rules applicable to a general demurrer, and admits every material fact properly stated in the pleadings."

Aside from the written abbreviation "5 S. O.," the wording of the allegations of defendant's answer, in our opinion, justifies the conclusion that he intended to allege an oral understanding or agreement that the liability of the defendant upon the note in question was limited to $150, for no written contract is disclosed by the record other than the note sued upon, and the defendant states in his answer:

"That this answering defendant so informed the plaintiff at the time he signed the said note, and signed the said note in the following manner, to wit: 'S. J. King 5 S. O.,' and explained to the plaintiff that the term '5 S. O.' meant that he was binding himself for the balance due on five shares only of the stock that the defendant had bought, the said stock being issued in shares of the par value of $100 each."

If, upon a trial of the cause, the defendant could properly have introduced parol evidence of the facts pleaded by him, the motion for judgment on the pleadings was improperly sustained. If, on the other hand, the defendant could not properly have introduced such proof, the motion was rightly sustained.

Sections 9456, 9483, and 9484, O. S. 1931, read as follows:

"9456. The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

"9483. Where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several."

"9484. A promise made in the singular number, but executed by several persons, is presumed to be joint and several."

The note sued upon is clearly a joint and several obligation on its face, unless the notation "5 S. O.," or the oral agreements pleaded in the answer, operate to change its character to that of a several obligation only.

The defendant contends that under the decisions of this court in James v. Citizens Bank of North Enid, 9 Okla. 546, 60 P. 290, Gilbert v. Citizens National Bank of Chickasha, 61 Okla. 112, 160 P. 635, and Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 P. 765, he should have been allowed to introduce evidence, even oral testimony, since the action is between the original parties, for the purpose of showing the true intent and meaning of the parties, since the term "5 S. O." appears on the face of the note and suggests a doubt as to the character in which the defendant signed the instrument. In this view we cannot concur. The decisions in James v. Citizens Bank of North Enid and Gilbert v. Citizens National Bank of Chickasha, supra, deal with cases where the question arose as to who was bound by the signature of a person in a representative capacity, and held that where the face of the instrument suggests a doubt or ambiguity as to the party bound or the character in which any person who signed the instrument acted, parol testimony is admissible between the original parties for the purpose of showing the true intent and meaning of the parties as to who was to be bound.

The case of French Piano Co. v. Bodovitz, supra, allowed parol evidence to be received for the purpose of showing a failure of consideration for a written contract. Since no one in the instant case contends that any person was bound by the signature of the defendant King except the said defendant himself, and there is no allegation of failure of consideration, the rules laid down in the three cases cited have no application to this case.

In Gillis v. First National Bank of Frederick, 47 Okla. 411, 148 P. 994, it was held:

"By this section (9456, supra) it is provided that, where a contract is reduced to writing, the writing itself is the evidence of the agreement of the parties, and that all oral negotiations or stipulations concerning the subject-matter which occurred prior to the execution of the writing are superseded by it, and oral evidence cannot be given to contradict the writing thus executed. It is a very general rule that a negotiable promissory note comes within the language of this statute, and when once executed, parties will not be permitted to show, by parol testimony, that an agreement was had with the payee or holder of such paper not to enforce payment against the person or persons liable thereunder. Thisler et al. v. Mackey, 65 Kan. 464, 70 P. 334; 17 Cyc. 589."

In First National Bank v. Sappington, 53 Okla. 708, 157 P. 937, it was held that parol evidence could not be admitted for the purpose of proving that notwithstanding the written warranty in a deed, the grantee orally agreed with the grantor to take the land conveyed with such defects of title as may have existed; for the reeason that such evidence clearly tended to vary the terms of a written contract.

As to the contention of the defendant that parol testimony should be permitted to explain the meaning of the cryptic "5 S. O." appearing after his signature, it is our opinion that under the general rule against admissibility of parol testimony to contradict the terms of written contracts, parol testimony offered for the purpose of giving to this enigmatic abbreviation any meaning inconsistent with that plainly disclosed by the terms of the written contract itself, is inadmissible.

In 3 R. C. L. 871, it is said:

"Where the provisions of a contemporaneous written instrument are contradictory and repugnant to a bill or note, they will not be construed together."

And in 1 R. C. L. 63, it is stated:

"Where abbreviations, characters, marks or technical terms are used in a particular business, unintelligible to persons unacquainted with such business, and occur in a written instrument, their meaning may be explained by parol evidence, **if the explanation is consistent with the terms of the contract.**" (Emphasis ours.)

The explanation or interpretation offered in the instant case is highly inconsistent with the terms of the contract itself, and evidence thereof could not be brought within the condition stated in the above quotation; and the condition would perforce apply with even added force to unintelligible abbreviations and characters not common to any particular business.

In Collender v. Dinsmore, 55 N. Y. 200, the Court of Appeals of New York held:

"Words and forms of expression not of universal use, but purely local or technical, also characters or marks used in a particular business, unintelligible to persons unacquainted with such business, and ordinary words which are used in a technical sense, occurring in a written instrument, may be explained by parol evidence, if the explanation is consistent with the terms of the contract; but if the language of the contract is explicit, it cannot be varied by parol, or a meaning given to it different from that called for by its terms."

Since the execution of the note sued upon is admitted, and since testimony in support of the allegations of the answer, seeking to contradict or vary the terms of the written contract, would have been inadmissible, there was no issue of fact to be tried, and the judgment of the lower court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Arthur G. Croninger, D. H. Wilson, and Dick Rice in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Croninger, and approved by Mr. Wilson and Mr. Rice, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur.