## PERRY v. JENKINS MUSIC CO.

No. 27648. Nov. 23, 1937.

Rehearing Denied Feb. 8, 1938.

W. M. Caudill and S. A. Wilkinson, for plaintiff in error.

Snyder & Lybrand and J. M. Barnhill, for defendant in error.

HURST, J. This is an action in replevin to recover possession of a piano sold by the plaintiff, Jenkins Music Company, to the defendant, H. A. Perry, under a conditional sales contract. The contract calls for the payment of $850 in six installments and a carrying charge of $3.40 per month with interest at the rate of 6 per cent. per annum from maturity on the deferred payments and carrying charges. The interest is provided for in the printed form, but there is a blank in printed form for the carrying charges and the amount is filled in with a typewriter. The sole issue as made by the pleadings is whether the defendant agreed to pay a carrying charge and whether the blank therefor was filled out at the time the contract was signed. The defendant claims that there was nothing said about payment of interest, but it is clear that the provision with reference to interest was printed in the contract as signed by the defendant and he cannot maintain this contention.

The case was tried to a jury and it was stipulated that the defendant had paid $477 on the principal and $187 on the carrying charges. Plaintiff in making its case introduced evidence to the effect that the blanks were all filled out at the time the contract was signed by the defendant and that he fully understood about the carrying charges. The defendant testified that at the time he signed the contract he was in a hurry to leave town and the blanks had not been filled out, and that he received no copy, and that there was nothing said about carrying charges, and that he knew nothing about there being any carrying charges until about September or October, 1934. The contract was made in September, 1930, and the last payment was made on September 14, 1934. When the defendant was asked the second time about the carrying charges, the plaintiff objected and moved to strike the testimony of the defendant with reference thereto, which motion was sustained.

At the close of the evidence the defendant requested the court to have the jury determine the amount due on the piano to the end that he might pay the same, but the court refused this request and sustained the motion of the plaintiff for a directed verdict for the possession of the piano or $450, its value. From a judgment on the verdict, the defendant appeals.

■ The first question for determination is whether the court committed error in excluding evidence offered by the defendant to the effect that the provision for the carrying charges was not filled out at the time the contract was signed by him and that there was no agreement to pay carrying charges. The law is that if blanks are left in a contract. there is implied authority on the part of the holder to fill out such blanks in accordance with the understanding of the parties, but not otherwise. Sanders v. Kirk (1929) 140 Okla. 26, 282 P. 145; 1 R. C. L. 1012; 2 C. J. 1242. As between the parties to the contract, the unauthorized filling in of the blanks, or the filling in of the blanks contrary to the understanding of the parties, is not binding upon the maker. Sanders v. Kirk, supra; 1 R. C. L. 1021; 2 C. J. 1251.

■ The record indicates that the trial court acted on the theory that a replevin action is purely a possessory action and the equities of the parties cannot be adjusted in such an action. This court is committed to the rule that "a replevin action is primarily one for the possession of personal property; yet it is sufficiently flexible to authorize a settlement of all the equities between the parties arising from or growing out of the main controversy." Graves v Mayberry (1929) 137 Okla. 218, 278 P. 1111; Broyles v. McInteer (1911) 29 Okla. 767. 120 P. 283; McFadyen & Brown v. Masters (1901) 11 Okla. 16, 66 P. 284; Payne v. McCormick Harvesting Machine Co. (1901) 11 Okla. 318. 66 P. 287; Mercantile Trust Co. v. Roland (1930) 143 Okla. 190, 288 P. 300; Emerson Brantingham Imp. Co. v. Ritter (1918). 69 Okla. 95, 170 P. 482.

■ In this case the defendant made a redelivery bond and retained possession of the piano. Since there was a dispute as to the amount due, the court should have granted the request of the defendant, and submitted to the jury the question of whether the provision for the carrying charge was filled out at the time the defendant signed the conditional sales contract, and if not, whether the parties agreed on a carrying charge of $3.40 per month. Plaintiff was entitled to judgment for the possession of the piano, or in the alternative, for the value of the property in case delivery cannot be made. If the value of the property exceeds the amount found due under the contract, the recovery, of course. must be limited to such amount, and he is not entitled to judgment for the full value of the property. On the other hand, if the value of the property is less than the amount found due under the contract, the recovery shall not exceed the full value of the property. The value of the property is a question for the jury. Emerson Brantingham Imp. Co. v. Ritter, supra; Graves v. Mayberry, supra; Mercantile Trust Co. v. Roland, supra; King v. King (1914) 42 Okla. 405, 141 P. 788; 54 C. J. 620,

If in fact the blank for the carrying charges was filled out at the time the defendant signed the conditional sales contract, he is bound thereby (Ames v. Milam [1915] 53 Okla. 739, 157 P. 941; Allen v. Bates [1928] 135 Okla. 265, 274 P. 1079); but even if the same was not then filled out, yet if the parties agreed upon a carrying charge of $3.40 per month, and, pursuant to that agreement, the plaintiff filled out the blanks, the defendant is bound by such provision; otherwise he is not liable for carrying charges. He does not urge the insertion of the carrying charges as a complete defense.

The defendant urges other grounds for reversal, but in view of the fact the case must be reversed, it is not necessary to discuss them. The judgment is reversed, with instructions to grant a new trial and to proceed in accordance with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and CORN, JJ., concur.